FILED

MAY 17 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| TONY SKANNELL, 25179-112 <br>   Petitioner, | ) <br> ) <br> ) <br> ) |
| v. | )    Habeas No. 8:02CR353 <br> ) |
| B. TRUE-WARDEN, <br>   U.S. Penitentiary <br>   Respendent. | )    *17-522-DRH* <br> ) <br> ) <br> ) |

**PETITION FOR WRIT OF HABEAS CORPUS**
**28 U.S.C. § 2241**

Tony Skannell appears pro se, and petition the Court for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, in light of the the United States Supreme Court decision in Mathis v. United States 136 S. Ct. 2243 (2016).

In Mathis, the Supreme Court held that a state statute that provides alternative means for committing an element of a crime that broader than the element of the generic crime (in that case an Iowa burglary), is not a predicated offense to trigger an aggravated sentencing enhancement.

## I. statement of jurisdiction

Title 28 United States Code, § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. 2241(a) and(c)(3). A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement.  See Light v. Caraway, 761 F.3d 809 (7th cir. 2014).

1

A federal prisoner may challenge the legality of his detention under § 2241 if he falls within the "saving clause" of § 2255. See 28 U.S.C. § 2255(e); Hill v. Welinger, 695 F.3d 644 (7th cir. 2012).

Thus, through the § 2255 "saving clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention. See Sanchez-Rengifo v. Caraway, 798 F.3d 532(2015).

## II. Ground for review

Whether in light of Mathis, California Second Degree attempted robbery is similary not a crime of violence by virtue of having, an element, "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

To determine whether this conviction has such an element, this Court must look to the statute of conviction.. Mathis, 786 F.3d 1068, 1071-72(8th cir. 2015).

If the statute is indivisible, the court must use the "categorical approach" to decide whether the crime necessarily has the element that § 4B1.2(a)(1) requires. Descamps v. United States, 133 S. Ct. 2276, 2285(2013). If not, the crime is not a "crime of violence" even if the defendant actully committed the offense. Id. The categorical approach keeps the focus "on the element, rather than the facts, of a crime." Id.

2

III.    History and Jurisdiction Posture

1.    Original   Sentencing

In 2002, Skannell was charged in a one-count indictment with conspiracy to distribute cocaine base. (PSR ¶ 1) A jury convicted him of that offense, and a presentence investigation report (PSR) was prepared for sentencing. The (PSR) concluded that Skannell should be held responsible for at least 510 grams of cocaine base, but also that Skannell was a minor participant in the offense, capping his base level at 30 under U.S.S.G. § 2D1.1(a)(3). (PSR ¶ 56) However, the PSR also concluded that Skannell was a Career Offender under U.S.S.G. § 4B1.1 (PSR ¶ 65) A career offender enhancement requires at least two prior convictions for a controlled substance or a crime of violence as define in U.S.S.G. § 4B1.2. (PSR ¶¶ 64-65)

Petitioner has no quarrel or issue with his other priors, just his second degree attempted robbery. The career offender designation increased Skannell's offense to 37. (Id) When combined with Skannell's criminal history category VI, that offense level yielded a sentencing range of 360 months to life imprisonment. (PSR ¶ 125). At Skannell's sentencing hearing, Skannell objected to the career offender designation. (DCD 387, 444) The district court overruled that objection and adopted the PSR's findings. (DCD 440, 496) Under the then  mandatory Sentencing Guidelines, the court imposed a sentence of 360 months imprisonment. (DCD 466)

3

## 2.    Post-Sentencing Proceedings

Skannell appealed his stentence and won reversal for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005) United States v. Shepard al, 462 F.3d 847 (8th cir. 2006)  He received the same sentence on remand, however, and that sentence was upheld on appeal.  United States v. Skannell, 282 F. App'x 509 (8th cir. 2008).  Skannell filed a motion for relief under 28 U.S.C. § 2255, but that motion was  also denied. (DCD 718, 720).

In 2011 and 2014 Skannell filed motions for reduction in his sentence, hoping to take advantage of the amendments to crack cocaine guidelines.  (DCD 743, 822) The district court denied both motions, noting  that Skannell had been sentence under the Career Offender  guidelines rather than § 2D1.1 (DCD 745, 844, 845)

3.   Skannell also requested to file a successive 2255 under Johnson v. United States, 135 S. Ct. at 2551. However in this motion was also denied.

---

(1) This circuit did not make Mathis available retroactively to cases on collateral review until after his 2255 deadline passed, Holt v. United States 843 F.3d 720 (7th cir. 2016) and

(2)  This circuit's case law clearly dictated that Mathis claims "must be brouth, if at all, in a [petition under] § 2241." Dawkins v. United States, 829 F.3d 549 (7th cir. 2016).

4

IV.   **Writs of habeas Corpus Under U.S.C. § 2241**

A writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 are "distinct mechanisms for seeking post-conviction relief."

Rosch F. United States, 89 F.3d 839 (7th cir. 1996).  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  See Suggs v. United States, 705 F.3d 279 (7th cir. 2013).  Section 2241 is generally used to attack the manner in which a sentence is executed.  See United States v. Stokes, 726 F.3d 880 (7th Cir. 2013).

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s saving clause.  See Hill, 695 F.3d 644 (7th cir. 2012).  The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255(e); Muse v. Daniels, 815 F.3d 265 (7th cir. 2016).  A prisoner who wishes to proceed under the saving clause must establish that his claim is base on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted  of a "nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised.  A petition for habeas corpus  under 28 U.S.C. § 2241 must be filed in the district of confinement. See Kholyavskiy v. Achim, 443 F.3d 946 (7th cir. 2006).

This Court has Jurisdiction to hear a habeas corpus petition under 28 U.S.C. § 2241 because it is the closest U.S. District Court to where Petitioner is incarcerated.

The Government agrees that § 2241 is available to a
petitioner who shows "a fundamental error in the criminal proceedings"
meaning that he does not have to prove his "actual innocence."
Persaud v. United States, 134 S. Ct. 1023 (2014), December 20,
2013, Brief of the Solicitor General.  In Persaud, the petitioner
received a mandatory sentence of life imprisonment under 21 U.S.C.
841(b)(1)(iii) because he had two prior convictions that the sent-
encing court classified as "felony drug offense[s]"-i.e. drug-
related offense that were "punishable by imprisonment for than one
year" 21 U.S.C. 802(44).  The Solicitor General argued that the
fourth Circuit in In re Jones, 226 F.3d 328, 333-334(4th cir 2000)
"had no ocassion to consider the availability of saving-clause
relief for any other type of challenge, and the lower courts erred
in interpreting that decision to limit saving-clause relief to
situations in which the defendant's claim is that he was convicted
for non-criminal conduct.  "(Emphasis in the original) Id.

The solicitor General then persuasively argued that there
was no legitimate distinction between challenges to convictions
and sentences and that the limited construction given to § 2241
was not supported by the language of § 2255 or Congressional
intent, Id at 9. Thus, courts had erred in concluding that the
saving-clause does not permit petitioner to seek relief under
Section 2241 purely because he challenges his sentence rather
than his conviction.

6

THE SEVENTH CIRCUIT AND § 2241 PETITIONS CHALLENGING THE

CAREER OFFENDER CLASSIFICATION

Section 2241 Habeas petitions are not only reserved for statutory "mandatory minimum" sentences (like ACCA), but also use to challenge career offender sentences and in immigration proceedings.  This court may permit a petitioner to advance beyond Rule 4 in a § 2241 challanging his status as a career offender.

See Branes v. werlich, (U.S.D.C.S.D Illinois, No. 16-cv-118, Judge Herndon); See also recent holding such as those found in Brown v. Caraway, 719 F.3d 583, 586(7th cir 2013). (2241 relief, reducing petitioner's career offender sentence because a new statutory interpretation case made his prior conviction unusable as a stentencing enhancement-an arguement that was foreclosed by former binding precedent.)

Other circuits agree: Sandoval v. Yates, 2017 WL 382335 (9th cir. 2017). (delivery" of a controlled substance under Oregon revised statutes 475.992(1)(a), is not a "controlled substance offense" because Oregon's statute includes an "offer to sell," and under Mathis analysis, selling drugs is not covered by the federal controlled substances Act); See also United States v. Velasquez, 2016 2016 WL 4148316(E.D.N.Y. 2016)(first degree New York Burglary conviction under New York Penal Law 140.30 not a "crime of violence" for career offender purposes in light of Mathis.  Relief granted under 2255); See also United States v. Smith, 2016 WL 4480072 (W.D. Penn. 2016)(Pennsylvania simple assult conviction under 18 Pa. C.S.A.2701(a)(1) no longer qualifying for offender purposes in light of mathis.

Relief granted under 2255); See also Chang-Cruz v. Attorney General, 2016 WL 4446063 (3rd cir. 2016)(vacting and remanding BIA denial of request for cancellation of removal where defantant was previously convicted under New Jersey stat. ann. 2C:35-7(a) for possessing or distributing drugs within 1,000 feet of school zone.  The courts found the state conviction broader than the generic federal offense in light of Mathis); See also United States v. Sheffield, 2016 WL 4254995 (D.C. cir. 2016)(attempted robbery conviction under D.C. code 22-2802 not a crime of violence for career offender purposes post-Mathis.)

In order to prevail, petitioner must prove the career offender status increased his punishment to a minimum sentence above what it would have been without the aggravated sentence. [Id.] In considering what it mean to be "inadequate or ineffective to test legality of his detention," the petition must adhere to the principles of the Seventh Circuit: "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  In re Davenport, 147 F.3d 605, 611(7th cir. 1998).  To proceed, three additional conditions must also be met: (1) the petition relies on a new statutory internpretation case; (2) the petitioner relies on decision that he could not have invoked in his first § 2255 motion (like at bar) and that applies retroactively; and (3) there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. [Id. at 611-12]; Brown v. Caraway 719 F.3d at 586; See also Brown v. Rios, 696 F.3d 638, 640(7th cir. 2012).

## V.  Mathis v. United States

In June of 2016, The United States Supreme Court decided Mathis.  The court set forth how lower federal court determines whether a state statue is divisible and therefore whether, in employing the modified categorical approach, documents pertaining to the prior conviction may be used to ascertain if that conviction comes within a federal definition of an offense or has the elements of an enumerated offense.

The Supreme Court held that a state statute that provides alternative means for committing an element of a crime that are broader that the elements of the generic crime, is not a predicate offense to trigger an aggravated sentencing enhancement.

## VI. Whether Petitioner May Utilize the "Saving Clause" of § 2255(e) Depends On If Mathis Is Retroactive. The Seventh Circuit. Say Yes.

Mathis is a case of statutory interpretation. Dawkins v. United States, 829 F.3d 549(7th cir. 2016). Like Begay v. United states 553 U.S. 137(2008), Chambers v. United States 555 U.S. 122 (2009), and Descamps v. United States, 133 S. Ct 2276(2013), Mathis was a substantive holding which limited the type of prior con- vitions (Iowa burglary statute in that case) that can be classified as "violent felonies" under Narvaez v. United States, 674 F.3d 621, 624(7th cir. 2011).  Thus, as in those cases the Department of Justice (as directed by the Attorney General in nation-wide formal guidance to federal prosecutors) has conceded the Mathis applies retroactively to cases on collateral review.

9

The 7th Circuit has also recently held that Mathis is a substantive rule that appliess retroactively.  See Holt v. United States 843 F.3d 720(7th cir. 2016)(Mathis applies retroactively to cases on collateral review). Specifically, the Government has previously conceded in this Circuit that the rule announced in Mathis was substantive, rather than procedural, in nature.

Under Teague v. Lane, 489 U.S. 288(1989)(plurality opinion), "[n]ew rules of procedure...generally do not apply retroactively." Schriro v. Summerlin, 542 U.S. 352(2004).  Descamps was substantive in that it excludes certain burglaries from the enumerated offenses clause of ACCA and will bar other convictions obtained under overbroad indivisible statutes, or variants, from satisfying the ACCA's definitional clause through application of the modified categorical approach.

Dawkin said that if one element of the statute of conviction is broader than an element of the predicate crime listed the guide-lines, the Court can't resort to extraneous documents to determine whether the fact to the case show that the state crime should count as a predicate under the Guidelines. Dawkins, 829 F.3d 549 at 550.  Further, that any such claim under Mathis can be brought "only under § 2241."[Id.]

This claim is one of first impression for this Court.  The only case we found that came close was Jones v. United States (U.S.D.C. S.D. Illinois, No. 13-cv-0728).  There, the court denied Mr. Jones 2255 claim-that his Illinois Unlawful Delivery of a Controlled Substance was invalid-in a § 2255, not a 2241.

This claim is one the first impression for this Court. The only case we found that came close was Jones v. United states (U.S.D.C. S.D. Illinois, No. 13-cv-0728). There, the court denied Mr. Jones' 2255 claim-that his Illinois Unlawful Delivery of s Controll Substance was invalid-in a § 2255, nota § 2241 One reason for this failure is that Mr. Jone frame his claim under Taylor v. United States, 495 U.S. 575(1990), and not Mathis. (Mathis wouldn't have been decided until after he filed his 2255, and he did not amend it). As a result, Jones foundation was flawed and his argument inadequately supported. At bar, if Skannell had filed the same argument in a "first" 2255, he would have ended up in the same predicament as Mr. Jones.

---

## A. Whether California robbery is a "crime of volence" is an open question in the Eight Circuit.

A Mathis claim would not be "worthy of fuller exploration" if this court had already dediced that the statute under Skannell was convicted, Cal. Penal code § 211, was a crime of violence without resort to the residual clause. But that is not the case.

The robbery statute under wwhich Skannell was convicted is Cal. Penal code § 211, which provides:

### § 211 Definition

Robbery is the felonious taking of personal property in the possession of a another, from his person or immediate persence, and against his will, accomplished by means of force.

There are four enumerated crime of violence in § 4B1.2(a)(2): burglary of a dwelling, extortion, and offenses involving the use of explosives.  Robbery is not on the list.  That should end the question of whether Skannell's prior robbery conviction in an enumerated offense.

It is true that robbery is listed as "crime of violence" in the commentary to § 4B1.2.  See U.S.S.G. § 4B1.2 comment.(n.1) But commentary has no freestanding definitioal power. See Stinson v. United States, 508 U.S. 36, 40-41 (1993).  The function of commentary is to interpret or explain the text of a guidline.  It is valid and authoritative only if it interprets a guideline, is not con-sistent with or a plainly erroneous reading of that guideline, and does not violate the Constitution or a federal statute. Id at 44-45.  Where "commentary and the guideline it interprets are inconsistent in the following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guide." Id at 43.  In other words, "the proper application of the commentary depends upon the limits-or breadth-of authority found in the guideline that the commentary modifies and seeks to clarify."  United States v. Stolba, 357 F.3d 853(8th cir 2004)(quoting United States v. Clayton, 172 F.3d 347, 355 (5th cir 1999).

The First Circuit has recently considered these principles in Johnson context and determined that much of the commentary in U.S.S.G. § 4B1.2 must now be disregarded.  United States v. Rivera, 811 F.3d 53 (1st cir. 2016).  It explained:

The term "fear," meanwhile, is defined in Cal. Penal code § 212 .
that section states:

**§ 212 Fear defined**

The fear mentioned in section 211 may be either:

1. The fear of unlawful injury to person or property of the
person robbed, or any relative of or member of his family; or

2. The fear of immediate and unlawful injury to the person or
property of anyone in the company of the person robbed at the time
of the robbery.

The only Eight Circuit case to consider these statutes is
United States v. Valladares, 304 F.3d 1300 (8th cir. 2002), which
addresses whether the offense was a crime of violence as defined
in 18 U.S.C. § 16. The crime definition in § 16 differs from that
in § 4B1.2, but the two provisions share similarities.  The key
distinction lies in the inclusion in § 16 offenses that involve
the use of force against the property of another, present a
substantial risk that physical force against the property of
another will be used.  18 U.S.C. §§ 16(a)&(b).  In Valladares,
the 8th circuit held that a conviction under Cal. Penal code § 211
is a crime of violence uncer § 16(b)'s residual clause because it
"presents a substantial risk that physical force against the
person or property of another may be used."

**B. California second degree attempted robbery does not qualify
as a crime of violence under the enumerated clause of U.S.S.G.
§ 4B1.2(a)(2).**

13

[O]nce shorn of the residual clause § 4B1.2(a) set forth a
limited universe of specific offenses that qualify as a "crime
of violence." There is simply no mechanism or textual hook in
the Guideline that allow us to import offenses not specifically
listed therein into § 4B1.2(a)'s definition of a "crime of
violence". With no such path available to us,doing so would be
inconsistent with the text of the Guideline.  Accordingly,..we
reject the government's attempt to make use of U.S.S.G. § 4B1.2(a)'s
Application Note 1 to expand upon the list of offenses that
qualify for Career Offender Status.

Id. at 60 (1st Cir. 2016); See also United States v. Armijo,
651 F.3d 1226, 1236-37 (10th cir. 2011)(rejecting government's
argument that because offense was listed in commentary, there was
no need for it to qualify under the definitions set out in text;
[t]o read application note 1 as encompassing non-intentional crimes
would render it utterly inconsistent with the language of § 4B1.2
(a)".

 As these cases demonstrate, the commentary cannot add additional
"crime of violence" unless those crime would independently under
one of the definitional provisions of U.S.S.G. § 4B1.2  Thus, the
fact that "robbery" is in the commentary does not relieve the
court of determining whether it meets one of the definitions of a
crime of violence set forth in the actual guideline.

Even if the guideline commentary remains valid after Johnson or
Mathis, the fact "robbery" is listed as a crime of violence in the
guideline commentary is not enough to make California robbery a
qualifying predcate.

This court rejected that notion in United States v. Ossana, 638 F3d. 895(8th cir2011).  There, this court held that the fact that the state's lable of an offens matches a crime listed in the commentary does not settle the question whether the conviction qualifies as a career offender predicate.  Instead, the rule in Taylor v. United States, 495 U.S. 575 (1990), applies to commentary offenses.  Ossana, 638 F.3d at 899.  Taylor requires a court to compare the state statute at issue with the generic version of the commentary offense to determine if the two crimes are equivalent. Id.

As set forth above, the robbery statute under which petitioner was convicted criminalizes the felonious taking by force or fear. Cal. Penal code § 211 The "fear" mention in Section 211 may be either:

1. The fear of an unlawful injury to the person or property of the person rodded, or relative of his or member of his family; or

2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery.

Cal. Penal code § 212.

The generic version of robbery, against which these California statutes must be compared, is determine by in which "the term is now used in the criminal codes of most States," supplemented by prominent secondary sources such as criminal law treaties and the Model Penal Code. Taylor, 495 U.S. at 589 The Model Penal Code Provides:

**Robbery Defined.**  A person is guilty of robbery if, in the course of committing a theft, he

(a) inflicts serious bodily upon another; or

(b) threatens another with or purposely put him in fear of immediate serious bodily injury; or

(c) commits or threatens immediately to commit any felony of the fisrt degree.

Model Penal code § 222.1. Meanwhile, most states require that the force or violence employed in a robbery be directed at a person. See United States v. Castillo, 811 F.3d 342(10 cir. 2015) (noting the majority view that robbery involves the making of threats against a person).

When California robbery is compared with generic robbery, the differences are obvious.  Because it encompasses the felonious taking of property by putting the victim in fear of his property, California robbery sweeps more broadly than generic robbery. Even if the language remains viable after Johnson, which it should not, this discrepancy is enough to raise a case that California robbery cannot be consider "robbery" under the commetary.

**B. California robbery is not a "crime of violence" under the "force clause" of the career offender guideline.**

California second degree attempted robbery is similarly not a crime of violence by virtue of having, as an element, "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).  To determine whether this conviction has such an element, this court must look to the statute of conviction.  United States v. Mathis, 786 F.3d 1071-72 (8th cir. 2015).

If the statute is indivisiable, the court must use the "categorical approach" to decide whether the crime necessarily has the element that § 4B1.2(a)(1) requires. Descamps v. United States, 133 S. Ct. 2276, 2285 (2013). If not, the crime is not a "crime of violence" even if the defendant actually committed a violent offense. Id. The categorical approach keeps the focus "on the elements, rather than the facts, of a crime." Id.

As noted above, a defendant can violate § 211 by placing another in fear of injury to their property or the property of anyone in their company. Cal. Penal Code § 212. Thus, a defendant can commit second degree robbery without the use, attempted use, or threatened use of force "against the person of another.

Moreover, as explained in Dixon v. United States, 805 F.3d 1193 (9th cir. 2015), A Defendant can violate § 211 by "accidentally using force." Dixon, 805 F.3d at 1197 (citing People v. Anderson, 252 P.3d 968, 972(2011).

The physical force requied under the "force clause," on other hand, is "violent force" or "force capable of causing physical pain or injury to another person." Id. at (quoting Curtis Johnson v. UNited States,599 U.S. 133, 140,(2010). Even a reckless applcation of force is not sufficient to make the crime a "crime of violence" under the force clause. United States v. Boose, 739 F.3d 1185, 1188(8th cir. 2014). Thus, Cal. Penal Code § 211 "is not a categorical match" to the force definition of "violent felony" or "crime of violence." Dixon, 805 F.3d at 1197.

17

Having decided that § 211 "sweeps more broadly" than the force clause, Descamps, 133 S. Ct. at 2283, the Ninth Circuit in Dixon examined the statute to ensure it was not divisiable in violations that meet the force clause and those that do not. Dixon 805 F.3d at 1198. The court held it was not a divisiable. According to the court, § 211 describes alternative means of committing one crime rather than defining functionally separate crime or alternative elements. Id. at1198. Because the statute is indivisible, the court in Dixon held that resort to the modified categorical approach to determine how the defendant was charged was unwarranted.

Descamps, 133 S. Ct. at 2285 (modified categorical approach has "no role to play" when statute is indivisible).

The question of "means"versus "elements," was currently before the States Supreme Court. in Mathis v. United States 136 S. Ct. 2243; 195 L. Ed 2d 604;(2016 U.S. Lexis 4060), and that question was answered,The comparison of elements that the categorical approach requires under the Armed Career criminal Act and the Career Offender 4B1.2(a)(1) is straightforward when a statute set out a single (indivisiable) set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and see if they match.

Concusion

Wherefore, in light of Mathis, California Second Degree
Attempted Robbery no longer qualify as career offender
predicates. Petitioner pray this court:

1. Eliminate his "Career Offender" status pursuant to <u>Mathis</u>,
and re-sentence him to 140-to-175 months (Criminal History
Category VI, Offense Level 28, resulting in a correction of
nearly half of his "miscarriage-of-justice" 360-months sentence).
2. If this Court is not persuaded by this Petition, to dismiss
this it without Prejudice, with clear direction as to proper
procedural vehicle, as Petitioner is Pro se and subject to
liberal interpretation. Haines v. Kerner.
3. Provide other such relief as the deems appropriate.


Respectfully submitted,

_____5/15/17_____                              /s/ _Tony Skannell_
Date Executed

I swear and verify under penal of          TONY SKANNELL
perjury pursuant to 28 U.S.C. § 1746       #25179-112
that the foregoing is true and             U.S. Penitentiary
correct. Further, that this has been       P.O. BOX 1000
filed this day under prison mailbox        Marion, IL. 62959
rule in the institution's internal
mail system designed for legal mail,
United States Postal Service frist-
class postage pre-paid.

19

**United States District Court**
**Southern District of Illinois**

TONY SKANNELL, 25179-112 )
    Petitioner, )
                   )
v. )    Habeas No. **8:02CR353**
                   )
B. TRUE – WARDEN, )
    U.S. Penitentiary – Marion, )
    Respondent. )

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed via United States Postal Service, first class postage prepaid upon the following:

United States Courthouse
Clerk Office
301 W. Main St. 1st floor
Southern District
Benton, IL. 62812

Respectfully Submitted,

_5/15/17_
Date Executed

I swear and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Further, that it has been filed this day under prison mailbox rule in the institution's internal mail system designed for legal mail, United States Postal Service first-class postage pre-paid.

/s/ _Tony Skannell_

U.S. Penitentiary – Marion
P.O. Box 1000
Marion, IL 62959

20

TONY SKANNER
U.S. PENITENTIARY
P.O. BOX. 1000
MARION, IL. 62959



MAIL CLEARED
US MARSHALS

⇔25179-112⇔
United States Courthouse
Southern District
301 W. MAIN ST
1St.Floor
Benton, IL 62812
United States



RECEIVED

MAY 1 7 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

Warden
United States Penitentiary 1   3 2017
Marion, IL 62959   MAY
Date :

The enclosed letter was processed through
special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction,
you may wish to return the material for
further information on clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
to enclosure to the above address.