# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONY SKANNELL,**
**No. 25179-112,**

**Petitioner,**

    **vs.**                                             **Case No. 17-cv-522-DRH**

**B. TRUE,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), his sentence was wrongfully enhanced based on a prior conviction in California.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives

preliminary review under Rule 4 and Rule 1(b).

## Background

In May 2004, Petitioner was found guilty by a jury in the District of Nebraska, of conspiracy to distribute cocaine base. (Doc. 1, p. 3). *United States v. Skannell*, Case No. 02-cr-353 (D. Neb.). The trial court found that he was a career offender within the meaning of the United States Sentencing Guidelines (USSG) § 4B1.1, based on his prior convictions. The conviction at issue in the instant Petition is for a "crime of violence" as defined in USSG § 4B1.2; specifically, a conviction in California for second degree attempted robbery. (Doc. 1, pp. 2-3). Petitioner was sentenced to 360 months, which was the minimum of the guideline sentencing range after application of the career offender enhancement. (Doc. 1, p. 3).

On direct appeal, the appellate court ordered the matter remanded for resentencing purusant to *United States v. Booker*, 543 U.S. 220 (2005). Upon remand, the trial court imposed the same sentence, which was then upheld on appeal. (Doc. 1, p. 4). Petitioner's motion for relief under 28 U.S.C. § 2255 was denied. In 2011 and 2014, following the crack cocaine sentencing amendments, Petitioner unsuccessfully moved for reductions in his sentence. *Id.*

After the Supreme Court issued its ruling in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), Petitioner sought leave to file a successive § 2255 motion, but was denied. (Doc. 1, p. 4).

**The Petition**

Petitioner filed this habeas action on May 17, 2017. He invokes the "savings clause" of 28 U.S.C. § 2255(e), noting that he could not have brought his *Mathis* challenge in his original § 2255 motion, because the *Mathis* opinion had not yet been issued. (Doc. 1, pp. 4-5).

Petitioner argues that his California conviction for second degree attempted robbery under Cal. Penal code § 211, after *Mathis*, does not meet the definition of a "crime of violence" within the meaning of USSG § 4B1.2(a)(2). (Doc. 1, pp. 11-15). The California statute criminalizes the felonious taking of property by force or fear. (Doc. 1, p. 15). The "fear" element includes the "fear of an unlawful injury to the person or property of the person robbed . . . ." *Id.* Petitioner argues that the inclusion of a taking of property by placing the victim in fear of his *property* broadens the criminal conduct beyond the "generic" version of robbery to include conduct that cannot be considered "violent" within the meaning of the career-criminal sentencing guidelines. (Doc. 1, pp. 15-17).

As relief, Petitioner requests that he be resentenced without the career offender enhancement. He asserts that this would expose him to a sentence within the range of only 140 to 175 months. (Doc. 1, p. 19).

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to

challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at

611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), as grounds for his argument that his California attempted robbery conviction should not have been counted as a prior conviction for a "crime of violence" under the definitions in the United States Sentencing Guidelines. In *Mathis*, the Supreme Court held that an Iowa burglary statute which allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the *Mathis* Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(2)(B)(ii).  *Mathis*, 136 S. Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016).  *Mathis* is a statutory interpretation case rather than a constitutional case, thus it satisfies the first element of the savings clause.  *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

As to the second factor, the decision in *Mathis* was announced on June 23, 2016, long after Petitioner's § 2255 motion was denied in October 2009 (*see* Doc. 720 in criminal case), so Petitioner could not have relied on *Mathis* in that proceeding.  Further, the Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)).

Finally, the 360-month sentence imposed on Petitioner as a result of the career-criminal guidelines enhancement is significant enough to warrant habeas review as a possible miscarriage of justice.  The Petition appears, therefore, to fall within the savings clause, making § 2241 an appropriate vehicle to review his claims.

It is notable, however, that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016).  The

*Mathis* decision thus may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines, not the ACCA statute. The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017) (distiguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)).

Given the limited record before the Court at this stage, and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## **Disposition**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before July 28, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: June 28, 2017**

Digitally signed by
Judge David R.
Herndon
Date: 2017.06.28
09:57:47 -05'00'

**United States District Judge**