# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY SKANNELL,

    Petitioner,

vs.                                               Civil No. 17-cv-0522-DRH

B. TRUE,

    Respondent.

## MEMORANDUM and ORDER

Petitioner Tony Skannell filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1).

Respondent filed a response at Doc. 7, and petitioner filed a reply at Docs. 9 and 10, and although the replies appear to be identical, the Court will only consider the one at Doc. 10 because it was the last one filed within the time to do so.

## Relevant Facts and Procedural History

Petitioner was found guilty of one count conspiracy to distribute cocaine base, and sentenced to 360 months' imprisonment. *United States v. Skannell*, 02-cr-0353-LSC-FG3-5 (D. Neb. October 22, 2004).

Petitioner filed a direct appeal. The Eighth Circuit found that the trial court correctly applied the career offender guideline to calculate Petitioner's Guideline range, but reversed and remanded for re-sentencing because Petitioner had been

1

sentenced pre-*Booker*, when the Guidelines were considered mandatory, and the appellate court could not say from the record that the trial court would have imposed the same sentence if the Guidelines were advisory. *United States v. Shepard*, 462 F.3d 847, 871-874 (8th Cir. 2006). The district court imposed the same sentence on remand. Petitioner appealed again, and this time the Eighth Circuit upheld the sentence in an unpublished opinion, rejecting Petitioner's arguments that the re-imposed sentence violated *Booker* or gave too much weight to Petitioner's criminal history. *United States v. Skannell*, 282 F. App'x 509 (8th Cir. 2008).

Petitioner also filed a motion under 28 U.S.C. § 2255. He argued ineffective assistance of counsel and that his classification as a career offender was improper because his robbery conviction was not a crime of violence under the Guidelines. The motion was denied in October 2009. Case No. 02-cr-0353-LSC-FG3-5, Doc. 720.

## Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is

2

ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

3

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner argues that his prior conviction for California robbery is not a crime of violence. See, Doc. 1. In his reply, Doc. 10, Petitioner advances a different argument, that his due process rights were violated when his California robbery conviction was used as a predicate conviction for the career offender enhancement because adequate documentation of that crime was never introduced in the Nebraska court. This new argument does not rely on *Mathis* at all.

The petition must be denied as to both arguments.

Petitioner cannot bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the

error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was resentenced in 2007 in light of the holding in *Booker*. The Eighth Circuit found that his re-imposed sentence satisfied *Booker*. Petitioner received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

Petitioner's second argument about his due process rights based on lack of evidence of his prior conviction cannot be brought in a § 2241 petition because it does not arise out of a new rule of law at all. Petitioner acknowledges he has previously raised this argument in prior proceedings. He does not rely on a new rule of law or newly discovered evidence; his argument on this point appears to be a re-hash of prior arguments. Clearly, this argument does not arise out of a new rule of law, much less a new rule of statutory construction that applies retroactively on collateral review, and therefore does not meet the first of the *Davenport* requirements. Accordingly, this action must be dismissed.

## Conclusion

For the foregoing reasons, Tony Skannell's Petition for Writ of Habeas

5

Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**. Furthermore, his Motion for Judgment on the pleadings is **DENIED as MOOT**. (Doc. 12).

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.17 10:34:53
-05'00'

**United States District Judge**

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).